HARDY, Judge.
On the relation of Ben F. Thompson, District Attorney of Rapides Parish, Louisiana, joined by five electors of Ward 11 of said parish, this intrusion into office suit was brought under the provisions of LSA-R.S. 42:76 et seq. against respondent, Charles O. Slay, Jr., for the purpose of removing said respondent from office as a member of the School Board of Rapides Parish, representing Ward 11, to which he was elected in 1948, and to declare said office vacant. After the overruling of exceptions interposed on behalf of respondent, trial was had on the merits and there was judgment rejecting the demands of relators and dismissing their suit, from which judgment relators prosecute this appeal.
The basis of relators’ action is grounded upon the claim that respondent, elected and assuming to hold office as a school board member from Ward 11 of Rapides Parish, is in fact a resident of Ward 10 of said parish and therefore disqualified from exercising the duties of membership in said body as a representative of Ward 11.
After a comprehensive and well reasoned discussion of the issues, our distinguished brother of the district court reached the conclusion that he could not pronounce judgment removing respondent from office in view of the failure of rela-tors to establish with certainty the boundary lines existing between Wards 10 and 11 of Rapides Parish.
While we are in agreement with the conclusion of the district judge on the basis of the evidence admitted on trial, we are nonetheless impressed with the fact that certain evidence which was excluded from admission and consideration by the court might represent the determining factor supporting conclusive pronouncement as between the contentions of the parties hereto.
Relators offered in evidence the minutes of the Police Jury of Rapides Parish of date August 20, 1906, accepting, approving and providing for the printing and promulgation and effective date of a compilation of the ordinances of the Parish of Rapides embraced in a codification prepared by John R. Hunter and denominated as the “Police Jury Code of 1906” of the Parish of Rapides, Louisiana. Also offered at the same time was a printed pamphlet purporting to be the code referred to in the minutes above summarized.
Upon tendering of this evidence objection was made on the ground that the so-called code was not a self proving document, and further, that the same had not been properly identified. These objections were sustained but the minutes of the meeting of August 20, 1906, were admitted subject to the objection, and in his written opinion the district judge overruled the objection and allowed the admission of the minutes.
In further connection with this tender and objection the trial court granted permission to the relators to take the testimony of the Honorable John R. Hunter with reference to the compilation of the Police Jury Code. At the time Mr. Hunter was seriously ill and suffering from such infirmities as prevented his appearance in court, and his subsequent death prevented compliance with the court’s permissive order.
From a careful examination of the record it appears to us that the key to a cer *681 tain determination of the exact location of fixed boundaries between Wards 10 and 11 of Rapides Parish, Louisiana, may be found in a consideration of a police jury ordinance of July 3, 1877, which is asserted to appear on pages 51 to 56 inclusive of the Police Jury Code as above described. This opinion is clearly shared by the judge of the district court.
Under the circumstances we are of the opinion that opportunity should be given for the admission of the Police Jury Code containing the ordinance of July 3, 1877, in the attempt to definitively establish the Rapides Parish ward boundaries which are here involved. While we are in accord with the court on the proposition that the code is not a self proving document, nevertheless we feel that there should exist some means of establishing a proper identification which would justify its reception in evidence.
We further observe that in connection with the code and the ordinance of July 3, 1877, if and as properly identified, opportunity should be given the expert witnesses for relators and respondent to testify as touching the effect of said ordinance and its contents relating to the ward boundaries.
For the reasons assigned the judgment from which appealed is. annulled, avoided and set aside and it is ordered that this case be and it is hereby remanded to the Honorable the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana, for the following purposes, to-wit:
1. To offer the opportunity for the admission of the evidence of that printed pamphlet or document described as being the “Police Jury Code of 1906” of the Parish of Rapides of the State of Louisiana, subject to proper identification and authentication thereof.
2. To receive the testimony of the expert witnesses of relators and respondent as bearing upon the effect of the ordinance of July 3, 1877, and any other pertinent ordinances, contained in said code.
3. In the light of such additional evidence to pronounce judgment thereon.
Costs are to he taxed on final judgment.